Mr. Chief Justice Shahkey
delivered the opinion of the court.
This action was brought on a sheriff’s bond, at. the instance of M’Intyre, who was former sheriff of Franklin county, for fees due him, which had been collected by his successor under executions. On the trial the plaintiff offered to introduce as evidence, the executions by virtue of which the collections had been made, but they were objected to, and the court ruled them out. The objection taken to their admissibility, as it is urged in argument before this court, is, that a bill. of costs was not annexed as the statute requires. Revised Code, 271, s. 5. I do not think the objection well founded.
It appears that these executions had been issued, which came. *332 to the hands of the sheriff, after levying which he took forthcoming b'onds which were forfeited, and executions subsequently issued on the judgments which took place by force of the forfeiture.
The amount of costs due on the first executions was of course included in the bonds; as the statute directs; Revised Code, 203, s. 28; and became a part of the judgment. The judgment on the bonds was a satisfaction of the first, and it could no longer be necessary to continue the items of costs on the execution, which had been satisfied by giving to them a new form. These last executions do contain such a bill of the costs which accrued in taking the bond and entering the default, as the statute requires. To these there could have been no objection; but even if all the executions had been objectionable, did it lie with the sheriff, who had levied them and raised the money, to make the objection?
The requirement in the statute was intended for the benefit of defendants, who had the costs to pay, and are not bound to pay any thing- but legal charges. The same act which requires a bill of costs to be annexed to the execution, points out what shall be legal charges, and prohibits the taking of any greater sum. Executions issuing without the bill of costs are declared to be illegal, and sheriffs are not to execute them; but suppose the defendant waives the irregularity, or does not object to it, and the sheriff levies, can he for that reason object to paying the money? The payment of such an execution by a defendant, would be a satisfaction of the debt, and the plaintiff’s remedy as to him would be gone, and if he had no remedy against the sheriff who had received the money, he would of course lose his debt.
I think, therefore, the court erred in ruling out the executions, and the judgment must be reversed, and a venire de novo awarded.